IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 05-cv-00597-LTB-CBS

THE WESTCOR COMPANY II LIMITED PARTNERSHIP,
a limited partnership;
FLATIRON PROPERTY HOLDING, LLC,
a limited liability company;
FLATIRON SPE LLC, a limited liability company;
FLATIRON HOLDING, LLC, a limited liability company;
FLATIRON MESSANINE, LLC, a limited liability company,

    Plaintiffs,

v.

THE TRAVELERS INDEMNITY COMPANY,

    Defendant.

## STIPULATED PROTECTIVE ORDER

During the course of the above captioned lawsuit ("Lawsuit"), the parties or non-parties may be required to produce information that the person from whom the information is sought considers to be a trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7). In order to expedite the flow of discovery material and facilitate prompt resolution of disputes over confidentiality, the parties have submitted this Stipulated Protective Order. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by agreement of counsel, it is

ORDERED that:

    1.    Whenever any party or third party in this case (the "Producing Person") is called upon to produce or make available to any other party (the "Receiving Party") information or

material, whether oral, written, or demonstrative, including any documents, interrogatory answers, admissions, things, deposition testimony or other information, the Producing Person or any party may designate that information, whether in the form of documents, interrogatory answers, admissions, things, deposition transcripts, or otherwise, as "Confidential." All tangible items designated "Confidential" shall be conspicuously stamped or written upon each page or separate item by the Producing Person as "Confidential." Electronic information may be designated by either conspicuous stamping on the medium holding the information (e.g., the CD), or by express written notice to the Receiving Party.

2. "Confidential" information is information which a Producing Person or any party reasonably and in good faith regards as trade secret or other confidential or proprietary research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7) and applicable law. An entire document or item may be designated as "Confidential" if any part of it contains "Confidential" information, unless the Producing Person elects to designate only portions of the document or material. "Confidential" information shall not be used or disclosed for any purpose except the preparation and trial of this case.

3. "Confidential" documents, materials, and/or information shall not, without consent of the Producing Person or further Order of the Court, be disclosed except that such information may be disclosed to:

    A.    attorneys actively working on this case;

    B.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of trial, at trial, or at other proceedings in this case;

    C.    the parties;

      D.     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      E.     the Court and its employees ("Court Personnel");

      F.     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      G.     deponents, witnesses, or potential witnesses; and

      H.     other persons by written agreement of the parties.

      4.     Prior to disclosing any "Confidential" information to any person listed above (other than counsel, person employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form appended hereto as *Exhibit A* stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgements shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

      5.     Whenever a deposition involves the disclosure of "Confidential" information, the deposition or portions thereof shall be designated as "Confidential" information and shall be subject to the provisions of this Protective Order.  Such designations shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "Confidential" after transcription, provided written notice of the designation is promptly given to all counsel of record within (30) days after notice by the court reporter of the completion of the transcript.

      6.     A party may object to the designation of particular "Confidential" information by

giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

7.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "Confidential" shall be returned to the party that designated it "Confidential," or the parties may elect to destroy "Confidential" documents.  Where the parties agree to destroy "Confidential" documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

8.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 18th day of January, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge