IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 05-cv-00597-LTB-CBS

THE WESTCOR COMPANY II LIMITED PARTNERSHIP,
FLATIRON PROPERTY HOLDING, L.L.C.,
FLATIRON SPE, L.L.C.
FLATIRON HOLDING, L.L.C., and
FLATIRON MEZZANINE, L.L.C.,

      Plaintiffs,

v.

THE TRAVELERS INDEMNITY COMPANY,

      Defendant.

_____

## ORDER

_____

This matter is before me on a Motion to Amended Its Answer to Clarify Its Affirmative

Defenses filed by Defendant, The Travelers Indemnity Company ("Travelers"), on July 18, 2006

**[DOC # 73]**.  Plaintiffs, The Westcor Company II Limited Partnership, FlatIron Property

Holding, L.L.C., FlatIron SPE, L.L.C. FlatIron Holding, L.L.C., and FlatIron Mezzanine, L.L.C.

(collectively "Westcor"), oppose the motion.   Oral argument would not materially assist me in

my determination of this matter.  After consideration of the motion, related pleadings, and the

case file, I DENY the motion for the following reasons.

### I.  Background

Westcor is the owner of two retail shopping centers located in Broomfield, Colorado,

including The Village at FlatIron Crossing (the "Village").   Westcor sought coverage on its

insurance policy with Travelers in October 2003 for damage to the Village as a result of expansive

soil conditions.  Travelers denied coverage.  As a result, Plaintiffs filed their First Amended

Complaint on March 2, 2005.  On April 4, 2005, Travelers filed its Answer which asserted

seventeen "affirmative defenses and matters in mitigation or avoidance."  Travelers' defenses

included that coverage was precluded by the "Earth Movement Exclusions and/or [the] 'Faulty

Work' Exclusions."  The remainder of Travelers' affirmative defenses did not identify any other

specific policy exclusions or terms; rather, it set forth broad general defenses.  The deadline for

amending pleadings was set by the scheduling order for August 31, 2005.   The Pretrial

Conference is scheduled for August 18, 2006, and trial is set to commence on October 23, 2006.

On June 22, 2006, on the parties' motions for summary judgment, I determined whcih

insurance policy terms were in effect at the time of Westcor's claim.  I concluded that since

Travelers failed to provide adequate notice to Westcor, as required by Colorado law, regarding

relevant changes in coverage, the applicable terms of the 2000 insurance policy remained in effect

when it was renewed in 2001 and 2002.  However, I did not conclude that Westcor was entitled

to judgment in its favor for coverage on the damage that occurred at the Village because I found

that trial would be necessary to establish the location of the subject damage, the amount of

associated loss, causation and timing of the damage, etc.

Travelers now requests leave to amend its answer in this case "for the sole purpose of

clarifying" its affirmative defenses "in light of" my summary judgment ruling.  Specifically,

Travelers contends that "[n]ow that the Court has determined that the 2000 policy is the one that

applies to the loss for which coverage is sought by Westcor, Travelers seeks to clarify the specific

policy provisions relied upon in the 2000 policy in support of its affirmative defenses."   Travelers

maintains that it is not seeking substantive changes to its positions, rather it seeks to "enumerate those specific provisions upon which its affirmative defenses are based" under the 2000 policy language.

## II. Law

When the deadline set in the scheduling order for the amendment of pleadings has passed, a party seeking leave to amend is required to satisfy a two-part test.  The party "must first demonstrate to the court that it has a 'good cause' for seeking modification of the scheduling deadline under [Fed. R. Civ. P.] 16(b)."  *Micale ex rel. Charles A. Micale Irrevocable Ins. Trusts v. Bank One N.A.,* 2006 WL 1222330, pg. 3 (D.Colo. 2006)(citations omitted).  If there is good cause for the amendment pursuant to the standard in Fed. R. Civ. P.  16(b), it must then pass the requirements for amendment under Fed. R. Civ. P. 15(a).  *Id.; see also Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,* 986 F.Supp. 959, 980  (D.S.C. 1997).

**Fed. R. Civ. P. 16(b)**

Fed. R. Civ. P. 16(b) provides, in pertinent part, that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge."   "Good cause" under Fed. R. Civ. P. 16(a) means that scheduling deadlines cannot be met despite a party's diligent efforts; in other words, I may "modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension."  *Micale ex rel. v. Bank One, supra, at pg. 3 (citations omitted).*  Fed. R. Civ. P. 16(b) requires "some persuasive reason as to why the amendment could not have been effected within the time frame established by the court."  *Id.*  (*quoting Colorado Visionary Academy v. Medtronic, Inc.,* 194 F.R.D. 684,

3

687 (D.Colo. 2000)).

**Fed. R. Civ. P. 15(a)**

As relevant here, Fed. R. Civ. P. 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  A Fed. R. Civ. P. 15 analysis focuses on the factors of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *See Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365-66 (10th Cir. 1993).

### III. Analysis

Travelers have not provided me with any grounds to establish good cause for the untimely amendment pursuant to Fed. R. Civ. P. 16(b), nor has it furnished any evidence of its diligence to meet the August 2005 amendment deadline in the scheduling order.  Travelers' proffered reason for seeking amendment at this late date – almost a year after the scheduling order deadline has past – is that its requested amendment would serve only to "clarify" its previously pled affirmative defenses and that such clarification is apparently now necessary or desirable after my recent ruling on summary judgment that the terms of the 2000 policy apply.

It is clear that although Travelers' litigation position was that amendments to the 2000 policy provisions in the 2001 and 2002 policy renewals were applicable to Westcor's claim, Travelers was fully aware that the 2000 policy language was the central legal issue and could be deemed applicable to this case.  Furthermore, as Westcor points out, each of the policy provisions set forth in the proposed amended answer has a "counterpart" – often verbatim – in the

later policies which could have been specifically pled before the deadline.  As such, Traveler's

have not provided me a "persuasive reason as to why the amendment could not have been

effected within the time frame established" in order to establish "good cause" under Fed. R. Civ.

P. 16(b).  *Micale ex rel. v. BankOne, supra*, at pg. 3.

Westcor also argues that the "clarified" affirmative defenses proposed by Travelers rely on

numerous claimed coverage exclusions that are not suggested in the generalized affirmative

defenses previously pled.   For example, Westcor argues that there is no indication in the

affirmative defenses pled that Travelers would rely on Westcor's conduct related to notice or

cooperation.

Initially, to the extent that the proposed amended answer only "clarifies" the defenses

previously raised by Travelers, an amendment is unnecessary .  Conversely, to the extent that the

proposed amendment asserts additional or new affirmative defenses, raising new defenses at this

late point in the litigation would result in extreme surprise and prejudice, as well as undue delay

and costs, to Westcor.  I note that this is particularly true in light of Travelers' objection and

failure to answer an Interrogatory propounded by Westcor seeking the basis of its pled affirmative

defenses.  As a result, Travelers have also not persuaded me that justice would require leave to

amend under Fed. R. Civ. P. 15(a).  *See generally Giannola v. Aspen/Pitkin Co. Housing

Authority*, 2006 WL 994415, pg. 2 (D. Colo. 2006).

Therefore, under these circumstances, I conclude that Travelers have failed to demonstrate "good cause" as set forth in Fed. R. Civ. P. 16(b) and have also not persuaded me that "justice so requires" leave to amend pursuant to Fed. R. Civ. P. 15(a).

Accordingly, IT IS HEREBY ORDERED that Defendant Travelers' Motion to Amend Its Answer to Clarify Its Affirmative Defenses [Doc # 73] is DENIED.

Dated: August __1__, 2006 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE